GEORGE W. THORNTON, Judge of the Probate Court of Chicka-
saw county, *vs.* DRURY B. GLOVER et al.

The probate court has nothing to do with the settlement of debts, except in
passing upon executors' and administrators' accounts upon settlement, and in
cases of insolvent estates.

Before a legatee can maintain a suit on the bond of an executor or administra-
tor, the probate court must determine who are the legatees as well as the
extent of their legacies, &c. In case of distributees, the court must settle
the heirship, next of kin, &c., and the amount due to each.

These parties have but contingent rights till the debts of the estate shall be
paid; and a settlement must first be had in the probate court of all debts due
against the estate, and the amount of the estate to be distributed ascertained,
before such parties can bring suit.

IN error from the circuit court of Chickasaw county; Hon. F.
M. Rogers, judge.

This was an action founded on an administrator's bond,
instituted in the circuit court of Chickasaw county by Glover
and others. The declaration or petition was demurred to by
defendant; 1st. Because it did not aver a decree of the probate
court on final settlement, before the commencement of the
suit; 2d. Because the administrator had not been required to
settle his administration with the court, or pay that or any
other debt; 3d. Because it is not averred that the administrator
had made a final settlement. The demurrer was sustained,
and judgment rendered for defendant.

*C. B. Baldwin*, for plaintiff in error.

In *Randolph* v. *Singleton*, 12 S. & M. 444, the defendant
plead that the probate court, on final settlement, had adjudged
that the estate of her decedent was indebted to her near
$5,000. If a decree be essential, then this clearly presented a
good defence to the action; if it is the only proof admissible to
show assets, then it should be equally conclusive of the fact,
that the administrator was not in default, and that he had fully
administered. But the supreme court sustained the demurrer

Thornton *v.* Glover et al.

to that plea, and in so doing say: " The bond gives a remedy over which the probate court has no control, and having none, it can render no judgment which will operate as a bar to the action on the bond." Then its refusal to order an administrator to pay a judgment fairly obtained, will not defeat the creditor's action, because a creditor who has been injured has a legal right to his remedy on the bond, and the fact, whether the administrator wasted or misapplied the assets which came to his hands, must be established by proof, as any other disputed point.

In *Burrus* v. *Thomas*, 13 S. & M. 465, the court decide, that no decree is necessary to sustain an action on the bond of a guardian; and intimate, that one is not necessary in every action on the bond of an administrator.

*R. Davis*, for defendant in error.

It is believed that the true rule is, that securities to administrator's bonds can only be proceeded against at law, and that only after the liability of the administrator has been fixed by the proper proceedings in the probate court. This is certainly the rule as laid down in the case of *Green, Adm'r*, v. *Tunstall*, 5 How. R. 652. Also in Alabama, 1 Port. 70; 3 Stew. & Port. 265–348. And in South Carolina, 2 Bailey, (S. C.) R. 60; 1 Ib. 27; 1 Nott & McCord, 115–120, 400, 587.

The case of *Randolph* v. *Singleton*, does not in anywise conflict with the point settled in the case of *Green* v. *Tunstall*. This was an action to recover damages for maladministration. It certainly will not be insisted, that a final settlement made with the probate court by an administrator is not final as to the matters settled, and that it does not give protection, and is not a defence to a suit at law. This case only means to determine, that there are certain acts of maladministration not cognizable by the probate court; and that although a final settlement has been made of such things as were properly cognizable by that court, yet it did amount to exemption from such wrongful acts as the administrator may have done to the prejudice of the parties interested.

The case of *Burrus* v. *Thomas*, 13 S. & M. 464, was a suit on a guardian's bond, and is, therefore, not in point. The case

itself declares, that the rule which prevails in relation to guardian bonds, does not apply to bonds of administrators. So far from its reversing the rule in the case cited, *Green* v. *Tunstall,* 5 How. R. 650, it reaffirms it and its doctrines, and shows that the same rule prevails in South Carolina and Virginia.

Mr. Justice FISHER delivered the opinion of the court.

This was a suit commenced at the relation of a judgment creditor of the estate of Isaac S. Aycock, deceased, in the name of the judge of the probate court of Chickasaw county, on the bond executed by the administratrix of the intestate.

The court below sustained a demurrer to the declaration, on the ground, 1st. That it was not averred that the administratrix was not required to settle with the probate court, before the commencement of this suit; 2d. Because it was not alleged that the administratrix had been required to settle her administration with the probate court, or to pay this or any other debt; 3d. Because it did not appear that the administratrix had made a settlement with the probate court.

These several grounds of demurrer present no obstacle to the maintenance of the action by the creditor. The probate court has nothing to do with the settlement of debts, except in passing upon the administrator's accounts upon settlement, and in cases of insolvent estates. It is very true, that to entitle a legatee or distributee to maintain a suit on the bond of the executor or administrator, certain questions must first be determined in the probate court, because in the case of wills, it has exclusive jurisdiction, and must determine who are the legatees under the same, as well as the extent of their legacies, &c.; and in case of distributees, the probate court must settle and determine the questions of heirship, next of kin, &c., and settle the amount due to each. These several parties, however, have none but contingent rights till the debts of the estate shall have been paid. It is for this reason, that a settlement must be first had in the probate court, to determine the amount of the estate to be distributed, and this cannot be done till the claims of creditors, which are superior to those legatees or distributees, have been paid.

Judgment of the court below reversed, and cause remanded.